IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHIROSYSTEMS, LLC, DR. ADRIAN )
WALTON, DR. DAMON WALTON, )
DR. BART ANDERSON, and DR. )
BRECK BEASLEY, )
)
    Plaintiffs, )
)
v. ) No.  13-3043
)
ERIC NEPUTE, )
)
    Defendant/Counter-Plaintiff, )
)
v. )
)
CHIROSYSTEMS, LLC, DR. ADRIAN )
WALTON, DR. DAMON WALTON, )
DR. BART ANDERSON, and DR. )
BRECK BEASLEY, )
)
    Counterclaim Defendants, )
)
v. )
)
DR. PAUL WALTON, )
)
    Third-Party Defendant. )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on the Motion to Dismiss (d/e 10) filed by Plaintiffs/Counter-Defendants, Dr. Adrian Walton, Dr. Damon Walton, Dr. Bart Anderson, Dr. Breck Beasley, and Third-Party Defendant Dr. Paul Walton (hereinafter collectively referred to as the Individual Counter-Defendants). Because Defendant Eric Nepute has made allegations against the Individual Counter-Defendants, the Motion to Dismiss is DENIED.

## I.  BACKGROUND

In February 2013, Chirosystems, LLC, Dr. Adrian Walton, Dr. Damon Walton, Dr. Bart Anderson, and Dr. Breck Beasley filed a Complaint in state court against Defendant Eric Nepute. The Complaint alleged that Dr. Nepute breached an Agreement for Installment Sale of Corporate Stock that he had entered into with Chirosystems, LLC and the individual plaintiffs. See Complaint, ¶ 6 (d/1-1).

Dr. Nepute removed the action to federal court and filed an Answer, Affirmative Defenses, and Counterclaims (d/e 4). Dr. Nepute brought the counterclaims against Chirosystems, LLC, the individual

plaintiffs, and added third-party defendant Dr. Paul Walton.

The counterclaims included the following claims: prior material breach of contract (Count I), breach of the associate agreement (Count II), fraudulent misrepresentation (Count III), negligent misrepresentation(Count IV), violation of the Illinois Consumer Fraud and Deceptive Businesses Act (Count V), Violation of the Illinois Franchise Disclosure Act of 1987 (Count VI), unjust enrichment (Count VIII[sic]), civil conspiracy(Count IX), breach of implied covenant of good faith and fair dealing (Count X), and an action for accounting (XI).  See d/e 4.  In April 2013, the Individual Counter-Defendants filed the Motion to Dismiss at issue herein.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction based on the diversity of the parties and because the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a); see also Notice of Removal (d/e 1) (setting forth the citizenship of each member of the LLC).  Personal jurisdiction and venue requirements are satisfied because the relevant acts occurred in this

judicial district.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "purposely avail[ed] [himself] of the privilege of conducting activities" in the forum state); 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

### III.  LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  To state a claim upon which relief can be granted, a counterclaim must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929, 940 (2007).

### IV.  ANALYSIS

The Individual Counter-Defendants assert that Nepute makes no allegations against the Individual Counter-Defendants in their individual capacity.  Motion, p. 2.  Therefore, according to the Individual Counter-Defendants, the counterclaims should be dismissed for failure to state a claim.

However, the Counterclaims clearly contain allegations against the Individual Counter-Defendants.  In the opening paragraph to the Counterclaim, Dr. Nepute asserts his counterclaims against Chirosystems, LLC, Dr. Anderson, Dr. Beasley, Dr. Adrian Walton, Dr. Damon Walton, and Third-Party Defendant Dr. Paul Walton and states that they will "hereinafter [be] collectively referred to as "Chirosystems." See Answer, Affirmative Defenses, and Counterclaims, p. 4 (d/e 4) (opening paragraph of the Counterclaims).  The Counterclaims contain numerous allegations of misconduct against Chirosystems, and therefore, numerous allegations against the Individual Counter-Defendants.  When the Counterclaims refer solely to the Company, Dr. Nepute identifies the entity as "Chirosystems, LLC."  Therefore, Dr. Nepute has clearly made

allegations of misconduct against the Individual Counter-Defendants.

The Individual Counter-Defendants do not raise any other grounds for dismissal. Therefore, because the Counterclaims do contain allegations against the Individual Counter-Defendants in their individual capacity, the Motion to Dismiss is denied.

## V.  CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 10) filed by Individual Counter-Defendants Dr. Adrian Walton, Dr. Damon Walton, Dr. Bart Anderson, Dr. Breck Beasley, and Dr. Paul Walton is DENIED. The Individual Counter-Defendants shall file an Answer to the Counterclaims on or before October 17, 2013.

ENTER: October 3, 2013

FOR THE COURT:

                                                    s/Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE